Steven T. Potts
STEVEN T. POTTS, PLLC
625 Central Avenue West, Suite 200
Great Falls MT 59404
Telephone: (406) 452-0065

Attorney for Plaintiff

FILED
FEB 0 9 2017
Clerk, U.S District Court
District Of Montana
Great Falls

CLERK OF DISTRICT COURT

17 JAN 13 PM 4:48

FILED
BY _____ DEPUTY

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| RYAN'S STATION, INC. | CV-17-10-GF-BMM |
| Plaintiff, | Cause No. CDV-17-0045 |
| -vs- | JOHN A. KUTZMAN |
| STATION CASINOS, | COMPLAINT |
| Defendant. | 567247 |

For its complaint against Defendant, Plaintiff alleges as follows:

1. Plaintiff is a licensed gambling operator in the State of Montana and has operated a restaurant and casino known as Ryan's Station Restaurant and Casino, and later a casino known as Pay Station Casino.

2. Defendant Station Casinos is a group of entities consisting of Station Casinos LLC and its affiliates which, according to it, is the owner and operator of numerous casino resort properties in and around Las Vegas, Nevada, none of which are, upon information belief, licensed to conduct any gambling business in the State of Montana.

3. Part of defendant's business consists of sending letters threatening to sue in Nevada persons located outside Nevada, and offering to "resolve" these "disputes", which invariably involve names which use the words "Station" and/or "Casino".

4. Defendant further conducts business in the State of Montana by operating web sites on the Internet that are accessible to residents of the State of Montana.

5. During June, 2016, defendant sent to plaintiff at Great Falls, Cascade County, Montana, and plaintiff received, at Great Falls, Cascade County, Montana, the letter attached hereto as Exhibit A.

6. Plaintiff directed the response attached as Exhibit B.

7. Exhibit C is a true and correct copy of the court decision referred to in Exhibit B.

8. During January, 2017, defendant sent to plaintiff in Great Falls, Cascade County, Montana, and plaintiff received, the letter attached hereto as Exhibit D.

9. Despite plaintiff's request, defendant has failed and refused to explain how customers of plaintiff and defendant are confused by plaintiff's name.

10. Numerous casinos in Montana and throughout the world have names containing "station" and "casino".

11. Plaintiff does not use the name "Station Casino" or "Station Casinos" but rather has used "Ryan's Station" and currently uses "Pay Station Casino," names never used by defendant.

12. Defendant's website states the following:

> Station Casinos is the leading provider of gaming and entertainment in Las Vegas, Nevada. Station's properties are regional entertainment destinations and include various amenities, including numerous restaurants, entertainment venues, movie theaters, bowling and convention/banquet space, as well as traditional casino gaming offerings such as video poker, slot machines, table games, bingo and race and sports wagering.

13. Plaintiff has never conducted business in Las Vegas, Nevada.

14. Plaintiff's business is and always has been limited to no more than 20 video poker and keno machines, and its business is and always has been limited to Great Falls, Montana, which is approximately 1,000 miles from Las Vegas, Nevada.

15. Plaintiff's name is not is not confusingly similar to defendant's names or trademarks.

16. Plaintiff has not reproduced, copied, counterfeited, or imitated defendant's names or trademarks.

17. Plaintiff has not caused or intended to cause confusion or mistake, nor has plaintiff deceived consumers.

18. All conditions precedent to the initiation and prosecution of this lawsuit have been performed or have occurred.

19. Plaintiff is entitled to a declaratory judgment pursuant to M.C.A. Title 27, Chapter 8, declaring that its use of its assumed business name "Pay Station Casino" does not infringe defendants' alleged rights under the federal Lanham Act or the common law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For a declaratory judgment pursuant to M.C.A. Title 27, Chapter 8, declaring that its use of its assumed business name "Pay Station Casino" does not infringe defendants' alleged rights under the federal Lanham Act or the common law.

2. That Plaintiff be awarded its costs and disbursements, and if appropriate, its attorney fees, incurred herein.

3. For such other and further relief as is just and equitable under the circumstances.

DATED this 13th day of January, 2017.

STEVEN T. POTTS, PLLC

By _Steven T. Potts_
625 Central Avenue West, Suite 200
Great Falls MT 59404
(Attorney for Plaintiff)